JOHNSON *v.* THE STATE.

(*Nashville.* January 8th, 1887.)

TAX ON LITIGATION. *Not costs in criminal cases, nor collectible by imprisonment.*

The tax on litigation imposed by § 612 (M. & V.) Code upon "the party taxed with the costs in prosecutions by presentment or indictment," is a specific tax imposed for revenue purposes only, and not by way of punishment, and is not *costs* nor collectible as such; and therefore a person convicted of a misdemeanor, and, in default of paying or securing the "fine and costs," sentenced to the county work-house to work the same out pursuant to the Act of 1885, Ch. 83, cannot be detained to work out said tax.

Code cited: §§ 612, 6261, 6264, (M. & V.); § 551 (T. & S.); Acts 1875, Ch. 83.

Cases cited and approved: State *v.* Nance, 1 Lea, 644; State *v.* Stanley, 3 Lea, 524; State *v.* Hartman, 5 Lea, 118; Ellison *v.* Winstead, 10 Lea, 472; Galbraith *v.* Gaines, 10 Lea, 573; State Tax Cases, 12 Lea, 744; Eastman *v.* Nashville, 13 Lea, 717.

---

FROM DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson County. G. S. RIDLEY, J.

MATT. W. ALLEN for Johnson.

Attorney-General PICKLE for State.

LURTON, J. Boyd Johnson was convicted of a misdemeanor, and sentenced to the work-house, "there to remain until by his labor he shall pay said fine and costs." He, upon being sentenced,

moved the Court to instruct the Clerk to certify to the superintendent of the work-house, who is *ex officio* the jailer of the county, that the State and county tax, amounting to ten dollars, should form no part of the amount to be worked out, paid, or secured by him before he was entitled to his discharge from the jail and work - house, and that when he had worked out, paid, or secured the fine and the costs of the cause, not including this tax, that he should be discharged. This the trial Judge declined to do, and from this ruling the defendant prayed an appeal.

Under the Act of 1875, Chapter 83 (§ 6264 New Code), every person convicted of a misdemeanor who fails to pay or satisfactorily secure the fine and costs adjudged against him, may be sentenced to be confined in the county work-house, after the time or term of imprisonment has expired, until he works out, at a rate provided by law, his fine and costs and jailer's fees.

Under § 612, New Code, it is provided that "the unsuccessful party in every litigation in the courts of record, and the party taxed with the costs in prosecutions, by presentment or indictment, shall pay to the State a specific tax on such litigation." This "specific tax" has, from time to time, been fixed in the successive revenue bills enacted by the Legislature. The question presented is, whether this tax upon litigation, when imposed upon the party taxed with the costs in a criminal cause, can be collected, as if costs, by imprisonment.

Johnson *v*. The State.

This Court has frequently held that this is not costs, but is a specific tax for revenue purposes. Fines and costs in criminal causes of the grade of misdemeanors may be collected by confinement in the work-house or county jail. Code (M. & V.), §§ 6261 and 6264. The refusal of His Honor, the Criminal Judge, to instruct the jailer as requested was manifestly based upon the idea that this State and county tax imposed upon the appellant was part of the cost, and that as such must be paid, or secured, or worked out as the fine and legal costs. In this we think he erred. A very able argument has been made by the counsel for the State in support of the action of the lower court in holding this tax to be costs, or at least to be collectible as if costs. This Court has frequently held that this tax upon litigation was not costs, but was a specific tax upon litigation, both civil and criminal, imposed solely for revenue purposes.

These decisions have discussed the question in nearly every possible phase, and they have been too long acquiesced in to be now disturbed. *State* v. *Nance*, 1 Lea, 644; *State* v. *Stanley*, 3 Lea, 524; *State* v. *Hartman*, 5 Lea, 118; *Ellison* v. *Winstead*, 10 Lea, 472; *Galbraith* v. *Gaines*, 10 Lea, 573; *State Tax Cases*, 12 Lea, 744; *Eastman* v. *Nashville*, 13 Lea, 717.

This tax is in no sense any more costs in a criminal cause than in a civil cause. Neither is it imposed by way of punishment in a criminal

cause any more than in a civil case. In the case of *State* v. *Hartman*, 5 Lea, 118, it was held that when a *nolle pros.* was entered upon condition that defendant paid all costs, that he did not thereby assume this tax, and could not be required to pay it, for the reason that it was no part of the costs which he had agreed to pay. In the case of *Eastman* v. *Nashville*, 13 Lea, 717, it was held that a tax imposed by the State upon all litigation in municipal courts, was not a tax imposed upon the city, or any of its machinery of government, but was a tax imposed alone upon the defendant found guilty, and that such tax could not be collected by confinement, as it was no part of the costs. This case settles, in our judgment, the question now before us. If this tax is one imposed for a revenue purpose, and is no part of the costs adjudged, upon what principle can the appellant be imprisoned to compel him to pay or secure it? We know of none. The remedy for its collection is judgment and execution. If that fails, it is simply an uncollectible debt. The Legislature have not authorized imprisonment for failure to pay this tax, or any other. There is as much authority for attempting to collect this tax by confinement, when imposed in a civil case, as in a criminal cause. It is neither "fine or costs," but a tax for revenue purposes. The defendant below cannot be held in confinement for the purpose of enforcing its collection.

The cause will be remanded. The instructions prayed for by appellant will be given, and the appellant discharged when he pays or secures, or when he works out the fine and costs imposed.