88   547
116   480

*Ex parte* GRIFFIN.

(*Nashville.*   February 20, 1890.)

1. COSTS.   *Power of Court to imprison for in criminal cases.*

The power of Criminal Courts to imprison convicts for fine and costs in misdemeanor cases existed independently of the work-house law of 1875 and its amendments.

Code cited: §§ 6114, 6256 *et seq.* (M. & V.); §§ 5270, 5410 *et seq.* (T. & S.).

Cases cited and approved: Hill *v.* State, 2 Yer., 247; Mosley *v.* Gallatin, 10 Lea, 494; Eaton *v.* State, 15 Lea, 200.


2. SAME.   *Same.   Imprisonment for tax on litigation not authorized by revenue Act of 1889.*

The provision in revenue Act of 1889 (Ch. 130), declaring the tax on litigation therein imposed "part of the costs," and directing it to be "taxed in bills of cost," does not constitute such *tax* a part of the *costs* in a misdemeanor case in such sense that the convict may be imprisoned for it, upon his failing to pay or secure it.

Act construed: Acts 1889, Ch. 130, p. 259.

Cases cited: Johnson *v.* State, 85 Tenn., 325; State *v.* Nance, 1 Lea, 644; Eastman *v.* Nashville, 13 Lea, 717; State Tax Cases, 12 Lea, 746; State *v.* Stanley, 3 Lea, 524.


3. CONSTITUTIONAL LAW.   *Title and subject of Acts.*

Under the title, "An Act to provide revenue for the State of Tennessee and the counties thereof," the manner and all necessary means for

the collection of any tax properly levied by the Act may be provided for.

Case cited and approved: Cannon *v.* Mathes, 8 Heis., 504.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County.    W. K. McALISTER, J.

A. S. COLYAR, JR., and J. W. GAINES for Griffin.

QUARLES & TURLEY and Attorney-general PICKLE *contra.*

FOLKES, J.    The question presented for determination here is the right or power of the keeper of the work-house of Davidson County to hold in custody the petitioner, Griffin, until he pays, secures, or works out at the rate of forty cents per day, the State and county tax on litigation.

The petitioner was convicted of the offense of carrying a pistol, and sentenced to pay a fine of fifty dollars, and was, by the usual judgment in such cases, committed to the work-house, in default of paying or securing the fine and costs.

The fine was remitted by the Governor, and petitioner has remained in the work-house long enough to work out all the items in the cost bill

except the State and county tax. Thereupon, he filed petition for *habeas corpus*, returnable before his Honor, W. K. McAlister, Judge of the Circuit Court, who, upon the foregoing facts, ordered that the prisoner be discharged.

The State has appealed in error. It is urged by the Attorney-general, on behalf of the State, that the item in the cost bill covering this tax is, by the Act of 1889, made costs, and as such can be collected by imprisonment as other costs in criminal causes.

This Act is entitled "An Act to provide revenue for the State of Tennessee and the counties thereof." (See Acts 1889, Ch. 130, p. 247.)

In the fourth section, among other taxes therein imposed, we find, under the head of "Litigation," a tax imposed upon the unsuccessful party in civil suits in the several courts of record in the State, and upon "each indictment or presentment the sum of five dollars."

Following the enumeration of the suits and Courts and amount of the tax therein, it is enacted: "All the above taxes shall be taxed in the bills of cost, and are hereby declared part of the costs in the case."

Does this legislative declaration make this tax costs? If so, it must follow that the prisoner can be held until he pays this, just as he may be held to pay the other items of cost of conviction; for, independently of the work-house law, the Courts have the power to imprison for fine and costs.

*Hill* v. *State*, 2 Yer., 247; *Mosely* v. *Gallatin*, 10 Lea, 494; *Eaton* v. *State*, 15 Lea, 200. See also (M. & V.) Code, §§ 6114, 6256 *et seq.*

The imposition of this tax being clearly embraced within the subject and title of the Act, the means or manner of its collection could be provided in the same Act. *Cannon* v. *Mathes*, 8 Heis., 504.

This Act, so far as it declares this tax cost, was no doubt passed by the Legislature to obviate the difficulty pointed out by the decision of this Court in the case of *Johnson* v. *The State*, 85 Tenn., 325.

This case, following a line of cases beginning with *State* v. *Nance*, 1 Lea, 644, and coming on down to *Eastman* v. *Nashville*, 13 Lea, 717, held that this tax on litigation imposed upon the party against whom costs are adjudged is manifestly a tax imposed for revenue purposes only, and not by way of punishment; that it is no part of the costs and no part of the fine, and, as a tax, can no more be collected by imprisonment in a criminal than in a civil suit.

It is true, as now insisted by the Attorney-general, that these adjudications were predicated in part upon the idea, as expressed by Judge Cooper in the State Tax Cases, 12 Lea, 746, that "all the recent revenue Acts still levy the tax as a specific tax, and not as costs;" and as was said in *State* v. *Stanley*, 3 Lea, 524: "The claim of the State for taxes has precedence over a mere private debt of the citizen," where this tax was

held to be payable out of the first moneys coming in, in preference to the fees of officers, where there was not enough to pay both.

It is equally true that the Act of 1889 now undertakes to declare it costs, and collectible as such. But the fact remains that it is a specific tax, imposed for revenue only, and that if it is to be collected by imprisonment it is a *tax* that is so collected, unless the legislative declaration changes its nature.

We are of opinion that the Legislature has not, by such declaration, changed its nature; it is still a *tax*, and as such may be put in the bill of costs, and collected *with* the costs so far as judgment and execution may be efficacious for that purpose. But so long as it remains in the revenue bill as a specific tax, it cannot, by a mere declaration in such bill that it is costs, become costs in fact, so as to justify imprisonment for its payment.

We have no disposition to abridge in the slightest the power of the Legislature to imprison for the payment of *fine* and *costs*, but we do not feel at liberty to recognize as *fine* or *costs* what are not so in fact, simply because of a declaration in a revenue bill that a tax shall be called costs.

The personal liberty of the citizen, even though he be under presentment, indictment, and conviction for a violation of the criminal laws of the land, is too sacred to be at the mercy of erroneous declaration or definition, by whatever department of the government such declaration may be made or definition given.

Costs and fees, though unknown to the common law, have, in modern times, a fixed and well-understood significance.

"Costs are the expenses incident to the conduct of a suit either in its prosecution, or defense, and such disbursements as are allowed by law as fees to witnesses and officers of court." 1 Bouvier Law Dic., 376.

However desirable it may be to place upon the violators of law some of the burdens which the cost of criminal trials imposes upon the State, we are of opinion that it cannot be done by imprisoning the offender until he pays the *tax* on litigation, under the declaration that "such tax shall be taxed in the bills of costs, and are hereby declared part of the costs in the case."

It is urged by the Attorney-general that if this tax cannot in criminal cases be collected by imprisonment under the Act of 1889, the Act will also be inoperative in civil cases where the effort is made to collect it from the surety on the prosecution bond, or by motion over against the successful party, and such like cases. Even if this were so, it should not influence our judgment in the case at bar. But it does not follow that the tax may not be collected as and with costs in civil cases, for as a *tax* it may be collected by execution, but as *a tax* it may not be collected by imprisonment.

Such was the view of the learned Circuit Judge, who discharged the prisoner, and his judgment is affirmed with costs.