STATE *v.* FLEET MITCHELL.

(*Knoxville.* September Term, 1917.)

COSTS. In criminal cases. Fees of attorneys-general.

Though Acts 1897, chapter 41, section 1, takes from attorneys-general right to fees, and limits their compensation to salary, section 2, providing that their former fees shall, as against a defendant, remain a part of the costs in a criminal case, and shall be paid for the benefit of the state, is authorized; the services of such officers being part of the expenses of prosecution.

Acts cited and construed: Acts 1897, ch. 41, sec. 1; Acts 1905, ch 533, sec. 1.

Cases cited and approved: Johnson v. State, 85 Tenn., 325; Exparte Griffin, 88 Tenn., 547; Harrison v. Johnston, 109 Tenn., 267.

Code cited and construed: Sec. 3964 (1858.)

---

FROM HAMBLEN.

---

Appeal from the Circuit Court of Hamblen County.— W. N. HICKEY, Special Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

JOHN R. KING, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The defendant was indicted in the criminal court of Hamblen county for public drunkenness. By agreement with the attorney-general and consent of the court, the case was terminated by a *nolle prosequi* upon the payment by the defendant of all the costs and taxes. The defendant failed to pay or secure the costs and taxes, and the workhouse sentence was pronounced and the defendant was committed to jail. On the following day the defendant made a motion to retax the costs upon the item of the attorney-general's fee of $5, which the clerk entered in the bill of costs. It was claimed in this motion that the attorney-general was only entitled to a fee of $2.50. Later the motion was amended so as to call in question the right of the State to have taxed, as a part of the bill of costs, any fee for the attorney-general. The court allowed this latter motion, and the State has appealed and assigned errors.

There is only one error assigned which we need discuss in this opinion. It is to the effect that under the existing law, the attorney-general is entitled to a fee of $3, to be taxed as part of the bill of costs, and in default of payment thereof by the defendant, he can be committed to the workhouse until he works out the entire bill of costs, including the fee of the attorney-general.

It is well settled that a special tax on litigation is not a part of the costs, and the defendant cannot be required, under the workhouse law, to work out such taxes. *Johnson* v. *State,* 85 Tenn., 325, 2 S. W., 802;

*Ex parte Griffin,* 88 Tenn., 547, 13 S. W., 75, and cases cited. In the last case however, it is said that costs and fees though unknown to the common law, have, in modern times, a fixed and well-understood significance. "Costs are expenses incident to the conduct of a suit, either in its prosecution or defense, and such disbursements as are allowed by law as fees to witnesses and officers of the court" (citing Bouvier's Law Dic., 376).

Formerly the compensation of attorneys-general consisted exclusively in the fees of office (Code 1858, section 3964), but now such officials must depend exclusively upon their salaries for their compensation (Acts 1897, chapter 41, section 1; *Harrison* v. *Johnston,* 109 Tenn., 267, 70 S. W., 414). The fees formerly allowed them for their services are now paid in to the State treasury as revenue. Section 2 of the Acts of 1897, supra, provides that the fees now provided by law for attorneys-general shall, "as against a defendant or prosecutor, remain a part of the costs in such criminal case, where costs are in any way adjudged against and paid by the defendant or the prosecutor, and when collected, shall be paid over to the clerk of the criminal or circuit court of the county where the case is pending, and shall be by him reported and transmitted to the State comptroller at the same time and in the same manner as other State revenue is by law required to be reported and transmitted." By section 1, chapter 533, Acts 1905, judges and attorneys-general were forbidden to remit or release any of the attorney-general's fees provided for, "but the same shall be taxed in the bills

of cost, as the other costs of the cause are taxed, and shall not be released or remitted, but shall be paid out of the first moneys collected for costs in each cause.''

It is to be observed that the legislature has placed the fees of attorneys-general upon the same basis as fees of clerks, witnesses, and the like, and has required them to be taxed up as costs of the case. This it was competent for the legislature to do. It can require a convicted defendant, or those who by agreement settle their cases, to pay the expenses of the prosecution of the offense with which they stand charged. It was thought wise by the legislature to change the policy that one time was followed in this State of allowing attorneys-general fees for their services, and to place them upon salaries. These salaries are paid out of the common treasury, and are to be met by the taxes paid by the public regardless of the amount of fees earned by the attorneys-general. Their salaries were part of the expense of the prosecution of crime in the State although not dependent upon the fees of their office. It can make no difference that the fee claimed in this case goes to the State, and not to an individual, because it is part of the expense of the prosecution.

No question can be made but what the legislature intended that the fees of the attorneys-general should be taxed and paid as costs of the case. Having determined that it is competent for the legislature to do so, we must hold that the learned circuit judge was in error in disallowing this item, and his judgment is accordingly reversed.